**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

**RICHARD COUGHLIN**
FEDERAL PUBLIC DEFENDER

1002 Broad Street
Newark, New Jersey 07102

**CHESTER M. KELLER**
FIRST ASSISTANT

Hon. Cathy L. Waldor
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

December 21, 2020

Re: *United States v. Maria Bell*, Case No. 2:20-mj-9451-CLW

Dear Judge Waldor:

     I respectfully ask the Court to schedule a bond hearing in this case before the holidays begin, and to require that the government be ready. Ms. Bell is entitled to release with minimal restrictions under the Bail Reform Act. Pretrial Services has informed defense counsel that her partner, Hesham El-Meligy, is approved as a bond co-signer and third-party custodian.

     This past Wednesday, the defense requested a bond hearing in a time slot that the Court had available, but the government said it would not be ready. *See* ECF No. 8. On Thursday before 12:30 p.m., the defense provided the Court (and the government) with sworn affidavits clarifying the issues that were considered worrisome, namely Ms. Bell's desire to move to Turkey and the firearms and artillery found in her basement. *See* ECF No. 9. Those affidavits also detail Ms. Bell's strong family ties and record of community service. The government has yet to respond.

     On December 17, 2020, the Court extended its standing order to count all time until March 12, 2021, as "excluded time" under the Speedy Trial Act. Chief Judge Freda L. Wolfson, "Third Extension of Standing Order 2020-12," at 3, *available at* https://www.njd.uscourts.gov/sites/njd/files/3d_Ext_SO_20-12_Stamped.pdf. Thus, the defense may have been optimistic in comparing this case to others in which defendants received jury trials—and acquittals—within about 1.5 years of being charged. *See* ECF No. 9 at 3-4. This case may well drag on longer given coronavirus restrictions and the need to conduct significant investigation.

     In addition to the cases discussed in the Motion for Bond, counsel wishes to mention one more case: In *United States v. Mario Echeverria Mendez,* 1:19-cr-8-LO

---

800-840 Cooper Street, Suite 350, Camden, New Jersey 08102 (856) 757-5341

22 South Clinton Avenue, Station Plaza 4, 4th Floor   Trenton, New Jersey 08609 (609) 989-2160

(E.D. Va.), undersigned counsel represented Mr. Mendez, who was charged by criminal complaint with four counts of immigration fraud.  At Mr. Mendez's bond hearing on December 7, 2018, the prosecutor argued vociferously for detention, on the basis that Mr. Mendez was accused of immigration fraud and had an ICE detainer against him, and thus was sure to be a flight risk.  The government, as usual in these sorts of cases, had spent months investigating Mr. Mendez and was certain it had brought a meritorious charge against him.  In an unusual move within the Eastern District of Virginia, the Magistrate Judge decided to release Mr. Mendez on bond notwithstanding the ICE detainer.  The government indicted Mr. Mendez on January 3, 2019.  Once discovery became available, the defense realized that the charges against Mr. Mendez were not nearly as strong as the government thought.  The parties prepared for trial but then, on March 1, 2019, the government, after looking at the case more closely, moved to dismiss it in its entirety.

      Had Mr. Mendez been detained, he would have spent four months in jail despite being presumed innocent—and despite being *actually* innocent.  Here, if Ms. Bell is detained, she faces far more time in jail until she gets her day in Court.

      For the foregoing reasons and those given in prior pleadings, the Court should schedule a bond hearing for Ms. Bell and release her forthwith.

      Respectfully submitted,

      /s/ Rahul Sharma, AFPD
      (973) 320-7350
      rahul_sharma@fd.org